# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

LELAND SMILEY,

        Petitioner,  :        Case No. 2:23-cv-00960

  - vs -        District Judge James L. Graham
                                  Magistrate Judge Michael R. Merz

EARLENA SHEPHERD, et al.,

                                    :

        Respondents.

## DECISION AND ORDER

This habeas corpus action, brought *pro se* by Petitioner Leland Smiley pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 3) to the Magistrate Judge's Report and Recommendations on initial review that the case be dismissed. The Report recommended dismissal without prejudice so that Petitioner could re-file in the appropriate federal court in North Carolina where he is presently confined (ECF No. 2, PageID 17).

When a litigant files objections of a Magistrate Judge's report on a dispositive matter, the assigned District Judge must review *de novo* those portions of the report to which objection is made. Fed.R.Civ.P. 72(b). Here both the Report and the Objections are cursory. The Magistrate Judge found Petitioner is currently imprisoned in North Carolina, but that is a fact represented to this Court by Petitioner himself. Petitioner further avers that he was involuntarily and unconstitutionally transferred from the Ohio prison system to the North Carolina prison system.

1

The Magistrate Judge found this Court could not judge the constitutionality of the transfer because it does not have personal jurisdiction over the Petitioner's immediate custodian, presumably the warden or similar person at the Maury Correctional Institution in Maury, North Carolina. The Objections do not point to any contrary legal authority. Petitioner claims the State of North Carolina has no jurisdiction over him, but that misses the point. The United States District Court for that portion of North Carolina where the prison is located[1] has jurisdiction over this case.

A person must be in custody to invoke this Court's habeas corpus jurisdiction. *Spencer v. Kemna,* 523 U.S. 1 (1998). "If a petitioner properly brings a habeas corpus case in a particular district and then is transferred to another jurisdiction while the petition is pending, the court in which the petition was originally filed retains jurisdiction and remains the appropriate venue." Herz & Liebman, Federal Habeas Corpus Practice and Procedure 6th, § 10.2, citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Ex parte Endo*, 323 U.S. 283, 306 (1944). But that is not what happened here; Petitioner brought this case only after he was transferred to North Carolina. And it is his current custodian who must answer in habeas for the constitutionality of his present confinement.

Accordingly, the Magistrate Judge's Report is ADOPTED and Petitioner's Objections are OVERRULED. The Clerk will enter judgment dismissing the Petition without prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively

---

[1] North Carolina is divided into three judicial districts, Eastern, Middle, and Western. 28 U.S.C. 113. Maury is in Greene County, North Carolina, in the Eastern District. The United States District Court for that District is held in Elizabeth City, Fayetteville, Greenville, New Bern, Raleigh, Wilmington, and Wilson. Petitioner should obtain habeas corpus forms and local rules from whichever of these locations is nearest the prison.

frivolous and should not be permitted to proceed *in forma pauperis*.


Dated:  April 5, 2023


                                         s/ James L. Graham  
                                         James L. Graham  
                                         United States District Judge